UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH BELLES,
    *Plaintiff*,

v.

FERNWOOD MANOR *et al.*,
    *Defendants*.

No. 3:23-cv-00112 (JAM)

## ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

Plaintiff Elizabeth Belles filed a complaint *pro se* and *in forma pauperis* against her residential care home, one of its residents, and what may be a Connecticut State mental health center. Because it appears that the complaint does not allege facts that give rise to plausible grounds to conclude that there is federal jurisdiction and fails to state a claim on which relief can be granted, the Court issues this order to show cause for Belles to file an amended complaint or other response explaining why her complaint should not be dismissed.

### BACKGROUND

The complaint names the following defendants: "Fernwood Manor," "Capital Regeon," and "Fred Baker."[1] In the complaint's heading for "Parties," Belles lists herself and the defendants Fernwood Manor and Fred Baker as citizens of "Hartford, CT."[2] The complaint does not provide further details about the defendant "Capital Regeon," but it may refer to the Capitol Region Mental Health Center ("CRMHC"), a Hartford-based mental health facility operated by the Connecticut State Department of Mental Health and Addiction Services.[3]

---

[1] Doc. #1 at 1. Belles does not provide additional information about "Fernwood Manor" but it appears that Fernwood Manor is a residential care home. *See* State of Conn., *Annual Report of Long-Term Care Facility* at 1 (2019), available at https://portal.ct.gov/-/media/Departments-and-Agencies/DSS/Health-and-Home-Care/RCH-Cost-Reports/2019-Annual-Report--Fernwood-Manor-Inc.pdf [https://perma.cc/U2ZY-UHL7] (identifying Fernwood Manor of Hartford, Connecticut as a "Residential Care Home").
[2] Doc. #1 at 1–2. Because Belles lists the address for "Fred Baker" as the same as her own address, it appears that Baker is also a resident or employee of Fernwood Manor.
[3] *See* Conn. State Dep't of Mental Health and Addiction Servs., *Capitol Region Mental Health Center* (2023),

1

Belles alleges various forms of mistreatment and abuse including "larceny," "stol[]en clothes," that she is being "stalked," and that her phones have been "hacked for 3–4 years."[4] Belles further alleges that Capital Regeon had Tina Floyd, a Fernwood Manor employee, tell residents to watch her and listen to her conversations.[5] Belles requests "restitutions" but does not otherwise specify what relief she requests.[6]

## DISCUSSION

This Court has authority to review and dismiss an *in forma pauperis* complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B).[7] If a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Belles may file a response if she wishes.

Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts have "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have "diversity" jurisdiction over

---

available at https://portal.ct.gov/DMHAS/CRMHC/Agency-Files/CRMHC-Homepage [https://perma.cc/3ER8-3JTX].
[4] Doc. #1 at 2 (capitalization altered).
[5] *Id.* at 3.
[6] *Ibid.*
[7] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

claims that arise under State law if the parties are citizens of different States and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. A federal court must dismiss a complaint if at any time it is clear that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

As to Belles's claim against CRMHC, it appears that this entity is a state agency that may not be subject to suit in federal court. "The health center is a state owned and operated mental health and addiction services treatment facility located in Hartford. It provides mental health support services, including, but not limited to, the assessment of patients' ability to live independently in the community and the monitoring of patients' compliance with medication orders and treatment plans." *Hanna v. Capitol Region Mental Health Ctr.*, 74 Conn. App. 264, 264 (2002). It is well settled that the Eleventh Amendment and related principles of state sovereign immunity generally divest the federal courts of jurisdiction over lawsuits by private citizens against the States, any state government entities, and any state government officials in their official capacities. *See generally Lewis v. Clarke*, 581 U.S. 155, 161–62 (2017); *T.W. v. N.Y. State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021).

As to Belles's claims against Fernwood and Baker, the complaint does not otherwise appear to allege facts to suggest that the Court has federal question jurisdiction. A claim arises under federal law "only when the plaintiff's well-pleaded complaint raises an issue of federal law." *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012). Although Belles alleges that she was subject to theft, stalking, and hacking, she does not identify any federal law that was violated and that may serve as a basis for her claims. In particular, the complaint does not allege enough facts for me to conclude that Fernwood or Baker are "state actors" who may be subject to federal civil rights liability under 42 U.S.C. § 1983. *See Meadows*, 963 F.3d at 243.

3

There is no diversity jurisdiction either, because Belles does not show that this case involves citizens of different States. Under "Parties," Belles lists herself, Fernwood Manor, and Fred Baker as citizens of the same State (Connecticut) rather than citizens of different States.[8] Belles leaves the "Jurisdiction" section of the complaint form blank.[9] The federal diversity statute also requires that the amount in controversy exceed $75,000, but Belles does not allege facts to show that the defendants caused her over $75,000 in damages.

Even assuming a basis for federal jurisdiction, the complaint does not appear to state a coherent claim. Belles does not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must offer more than "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Instead, Belles generally claims "larceny," "stalk[ing]," and "hacking," but offers almost no supporting details.[10] *See Roundtree v. Connecticut*, 2022 WL 1063751, at *2 (D. Conn. 2022) (invoking Fed. R. Civ. P. 8(a)(2) because the complaint was "fragmentary with little factual support").

---

[8] Doc. #1 at 1.
[9] *Id.* at 2.
[10] *Ibid*.

## CONCLUSION

It appears that the complaint does not allege grounds for federal jurisdiction and does not state a plausible claim for relief. The Court intends to dismiss this action unless Belles either files an amended complaint that overcomes the concerns stated in this ruling or files a response explaining why the initial complaint should not be dismissed. Any amended complaint or other response to this order to show cause must be filed no later than **May 5, 2023**.

It is so ordered. Dated at New Haven this 20th day of April 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge